# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHEILA BIBLE, | ) |
|         **Plaintiff,** | )   **JURY DEMAND** |
|         vs. | )   **CASE NUMBER:** |
| METROPOLITAN NASHVILLE PUBLIC SCHOOLS | )   **Judge:** |
|         **Defendant.** | )   **Magistrate Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Sheila Bible ("Bible" or "Plaintiff"), by counsel, against Defendant, Metropolitan Nashville Public Schools ("Defendant" or "MNPS") alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, and the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

### II. PARTIES

2. Bible is a resident of Davidson County, Tennessee, who, at all relevant times to this action, resided within the geographical boundaries of the Middle District of Tennessee.

3. Defendant is a government entity that maintains offices and routinely conducts business within the geographical boundaries of the Middle District of Tennessee – Davidson County.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer," as that term is defined by 42 U.S.C. §12111(5)(A) and 29 U.S.C. §2611(4).

6. Bible was an "employee," as that term is defined by 42 U.S.C. §12111(4) and was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. At all relevant times, Bible was a "qualified individual with a disability," as that term is defined by 42 U.S.C. §12102(2). Defendant was aware of Bible's disability and/or regarded Bible as a disabled individual and/or the Defendant has a written record of Bible's disability.

8. Bible satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No.494-2025-01588) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her disability. Bible received the required Notice of Suit Rights on September 12, 2025, and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose in the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Bible began working for Defendant as a Bus Driver in or around October 2013.

11. At all relevant times, Bible met or exceeded Defendant's legitimate performance expectations.

12. Bible is disabled as that term is defined by the ADA, as she has been diagnosed with Macular Degeneration, a progressive eye condition. As a result of her diagnosis, Bible is substantially limited in one or more major life activities, including the ability to drive, due to blurred and distorted vision.

13. On or about January 19, 2023, Bible experienced a sudden decline in her vision. That evening, Bible called her supervisor, Billy Victory ("Victory"), and informed him that she would not be able to safely drive a school bus. Upon requesting guidance from Victory, Bible was advised to meet with Victory the following day.

14. On or about January 20, 2023, Bible met with Victory in person, where she reiterated in depth that her sudden decline in vision made driving unsafe. Bible informed Victory that she wanted to continue working. Victory suggested checking for a temporary bus monitor position. However, several days later Victory informed Bible that MNPS declined to grant the temporary position.

15. In or around February 2023, Bible submitted a request to take leave under the FMLA, and her request was approved.

16. On or about February 20, 2023, Bible submitted her first written request for accommodation pursuant to the ADA.

17. In or around March 2023, after delays caused by Defendant's correspondence errors, Bible received a telephone call from Ashley [Last Name Unknown] ("Ashley"), an employee in Defendant's Workplace Safety department. Ashley informed Bible that she did not submit the correct accommodation request form. Further, Bible was informed that her accommodation request would not be processed until after she had exhausted FMLA leave and short-term disability leave.

18. However, on or about April 11, 2023, Defendant began processing Bible's ADA medical certification before her physician had completed it. Bible's ophthalmologist completed the certification on or about April 12, 2023.

19. On or about April 13, 2023, Bible filed a second request for accommodation with MNPS.

20. Thereafter, in or around the end of April 2023, Bible was contacted by Defendant's Director of Workplace Safety, Harold Finch ("Finch") to discuss her accommodation request. During this conversation, Finch instructed Bible to speak with Victory to develop an accommodation. Bible placed a telephone call to Victory to request a meeting to discuss what Finch had advised.

21. Thereafter, on or about May 3, 2023, Bible met with Victor and Victory's supervisor, Ron Franklin ("Franklin"). During their meeting, Bible was asked to repeat what she had been told on the call with Finch. Bible reiterated she had been instructed to work with Victory to develop an accommodation. Both Victory and Franklin informed Bible that they had not been contacted by Finch, and determined that Defendant's bus monitor supervisor, Sandy Burton ("Burton"), might assist. Franklin escorted Bible and Victory to Burton's office where Bible informed Burton of her declining eyesight. Bible explained that she was capable of performing bus monitor duties as an accommodation and would only need a magnifier to complete paperwork. However, Burton stated that MNPS would not want a bus monitor to be a burden on a driver. Bible agreed that she would not want to be a burden, which was why she would use a magnifier to complete paperwork. Additionally, Burton asked Bible if she would have issues with transportation to and from work, and Bible explained that her husband would drive her. Thereafter, Bible and Victory went to Franklin's office while Franklin wrapped up the

4

conversation with Burton. Upon Franklin's return, the conversation unexpectedly shifted from reassignment to resignation as Franklin stated that MNPS did not transfer employees between departments. Upon exiting Franklin's office, Bible informed Victory that she did not plan to resign.

22. On or about May 9, 2023, Bible emailed Finch, Victory, and Franklin, to provide a summary of the May 3rd meeting. Bible also attempted to correct any misunderstandings, reiterated that she was not resigning, and again requested reassignment as an accommodation.

23. On or about May 20, 2023, Bible submitted a third formal accommodation request to MNPS. Bible suggested accommodations, such as a screen magnifier and/or a larger keyboard. Defendant did not engage.

24. Defendant did not communicate with Bible about her requests for accommodation until in or around July 2023.

25. In or around July 2023, Bible attempted to speak with Victory about the status of her requests for accommodation. However, Victory informed Bible that Defendant had informed him that he could no longer communicate with Bible about the situation.

26. On or about July 2, 2023, Bible emailed Finch, stating that she had submitted multiple accommodation inquiries and requests but had not been contacted by his department.

27. On or about July 17, 2023, Bible received a telephone call from Finch wherein he denied having previously seen Bible's accommodation requests. He further stated that ADA accommodations could not be discussed during medical leave. Moreover, Finch inquired about Bible's eyesight, and failed to offer reassignment, stating that Defendant did not transfer employees between departments. Finch proceeded to pressure Bible to resign, stating that Bible should resign within the next ten days otherwise he was certain Defendant would terminate her

5

employment. In response, Bible confirmed that she had submitted multiple requests for accommodation and informed Finch that she did not plan to resign.

28. On or about July 26, 2023, Bible submitted a fourth formal request for accommodation with MNPS.

29. On or about July 27, 2023, Bible received a letter which indicated that Defendant denied her requests for accommodation. The letter further disputed Bible's third formal accommodation request, alleging that Bible did not submit a request in May 2023. The letter welcomed Bible to apply for Defendant's open positions despite simultaneously indicating Defendant's refusal to reassign her as an accommodation.

30. On or about July 31, 2023, Bible wrote to Defendant, correcting the accommodation request timeline. She further stated that she had applied to thirteen positions internally, and expressed concerns about discrimination. That same day, Finch left a voicemail for Bible wherein he claimed there were "misinterpretations" and requested a call from Bible.

31. On or about August 1 through 4, 2023, Bible received a telephone call from Finch, who requested that Bible provide full personal access to her ophthalmology medical records and asked to speak directly with her ophthalmologist. Bible agreed, and contacted her physician's nurse, who informed Bible that no additional records were needed or would be provided because all necessary records and ADA documentation had previously been provided to Defendant.

32. On or about August 7 or 8, 2023, Bible contacted Finch, wherein she informed him that her medical records were not a bargaining tool and she felt she had been discriminated against throughout the accommodation process.

33. On or around September 12, 2023, Bible received a letter from Finch which indicated that Defendant had approved her requests for reassignment as a reasonable accommodation. However, approval was contingent upon Bible's submission of an amended medical certification, despite Defendant already possessing all necessary documentation.

34. Defendant made no communication with Bible regarding the status of her accommodation requests between October and December 2023, despite Bible's attempt to make contact.

35. On or about January 9, 2024, Bible received a telephone call from Ronald Garner ("Garner"), Director of Transportation with MNPS, who asked Bible if she was still seeking a position with Defendant. Bible informed Garner that she was not medically cleared to drive a bus, was waiting for ADA reassignment, and was not resigning. Garner stated that he would speak with Finch and get in touch with Bible. However, Bible never heard from Garner again.

36. On or about February 20, 2024, Bible received a notice of recommendation for termination, which had been written by Garner. The notice again falsely claimed that Bible had not made an ADA request in May 2023 and accused her of non-compliance. The notice further falsely claimed that Bible had not contacted Defendant since December 2023.

37. On or about March 26, 2024, Bible received a pre-termination letter. Soon thereafter, on or about April 10, 2024, Bible received a notice of termination. According to the notice of termination, Defendant's stated reason for termination was for job abandonment, despite Bible's ongoing ADA requests.

38. Defendant's stated reason for termination is pretext for discrimination based on Bible's disability and/or retaliation for engaging in protected activity in violation of the ADA, and/or retaliation for utilizing protected leave in violation of the FMLA.

## V. CAUSES OF ACTION

### COUNT I: ADA – DISABILITY DISCRIMINATION

39. Bible hereby incorporates paragraphs one (1) through thirty-eight (38) of her Complaint as if the same were set forth at length herein.

40. Bible suffers from a disability. Defendant was aware of Bible's disability and/or regarded her as a disabled individual and/or has a written record of Bible's disability.

41. Defendant violated Bible's rights as protected by the ADA by discriminating against her, failing to reasonably accommodate her disability failing to engage in the interactive process, and terminating her employment on the basis of her disability.

42. Defendant's actions were intentional, willful, and taken in reckless disregard of Bible's rights as protected by the ADA.

43. Bible has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

### COUNT II: ADA - DISABILITY RETALIATION

44. Bible hereby incorporates paragraphs one (1) through forty-three (43) of her Complaint as if the same were set forth at length herein.

45. Bible suffers from a disability.

46. Bible engaged in protected activity on more than one occasion by requesting that Defendant provide reasonable accommodation for her disability.

47. Defendant retaliated against Bible for her disability by failing to accommodate Bible's reasonable requests for accommodation, failing to engage in the interactive process, and terminating her employment.

48. Defendant's actions were intentional, willful, and taken in reckless disregard of Bible's rights as protected by the ADA.

49. Bible has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT III: FMLA - RETALIATION

50. Bible hereby incorporates paragraphs one (1) through forty-nine (49) of her Complaint as if the same were set forth at length herein.

51. Bible engaged in protected activity when she sought and utilized FMLA leave.

52. Defendant intentionally utilized Bible's FLMA leave as pretext for terminating her employment for alleged job abandonment.

53. Defendant intentionally terminated Bible in retaliation for exercising her rights under the FMLA.

54. Defendant's actions were intentional, willful, and in reckless disregard of Bible's rights as protected by the FMLA.

55. Bible has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Sheila Bible, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their disability and/or retaliates against any employee after engaging in protected activity;

9

Case 3:25-cv-01417    Document 1    Filed 12/08/25    Page 9 of 11 PageID #: 9

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages including but not limited to damages for mental, physical, and emotional distress;

6. Award Plaintiff liquidated damages for Defendant's willful/intentional violation of the FMLA;

7. Award Plaintiff punitive damages;

8. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

9. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/*Kyle F. Biesecker*
Kyle F. Biesecker, TBPR No. 028872
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Office: (615) 783-1602
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Sheila Bible, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/*Kyle F. Biesecker*
Kyle F. Biesecker, TBPR No. 028872
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Office: (615) 783-1602
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorney for Plaintiff*